**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

March 27, 2013

LETTER TO ALL COUNSEL

Re: *Brenda Candelaria o/b/o S.W. v. Commissioner of Social Security*,
Civil No. SAG-11-3004

Dear Counsel:

On October 20, 2011, Brenda Candelaria, on behalf of her minor child, S.W., petitioned this Court to review the Social Security Administration's denial of her claim for Children's Supplemental Security Income ("SSI"). (ECF No. 1). I have considered the parties' cross-motions for summary judgment, and Ms. Candelaria's reply. (ECF Nos. 31, 33, 34). This Court must uphold the Commissioner's decision if it is supported by substantial evidence and if proper legal standards were employed. 42 U.S.C. § 405(g); *Craig v. Chater,* 76 F.3d 585, 589 (4th Cir. 1996) (superseded by statute on other grounds); *Coffman v. Bowen,* 829 F.2d 514, 517 (4th Cir. 1987). I find that no hearing is necessary. Local R. 105.6 (D. Md. 2011). I will grant the Commissioner's motion and deny Ms. Candelaria's motion. This letter explains my rationale.

Ms. Candelaria, on behalf of S.W., applied for childhood SSI on July 21, 2009, alleging a disability onset date of April 9, 1998. (Tr. 108-14). Her claim was denied initially on December 8, 2009, and on reconsideration on July 19, 2010. (Tr. 76-79, 81-82). A hearing was held on February 2, 2011, before an Administrative Law Judge ("ALJ"). (Tr. 30-69). Following the hearing, on March 1, 2011, the ALJ issued an opinion denying benefits. (Tr. 8-29). Because the Appeals Council denied Ms. Candelaria's request for review, (Tr. 1-3), the ALJ's decision is the final, reviewable decision of the agency.

The ALJ evaluated Ms. Candelaria's claim using the three-step sequential process for claims involving childhood SSI, as set forth in 20 C.F.R. § 416.924. The ALJ's findings at steps one and two favored Ms. Candelaria's claim. At step one, the ALJ found that S.W. had not engaged in any substantial gainful activity at any relevant time. (Tr. 14). At step two, the ALJ found that S.W. suffered from the severe impairments of attention deficit hyperactivity disorder ("ADHD") and opposition deficit disorder/disruptive behavior disorder ("ODD"). *Id.* At step three, however, the ALJ found that S.W. did not have an impairment or combination of impairments that met any listing. *Id.* Additionally, the ALJ determined that S.W. did not have an impairment or combination of impairments that would be functionally equivalent to any listing. (Tr. 14-16). Therefore, the ALJ determined that S.W. was not disabled for purposes of children's SSI benefits. (Tr. 16).

Ms. Candelaria asserts two procedural arguments in support of her appeal: (1) that she

*Brenda Candelaria o/b/o S.W. v. Commissioner of Social Security*
Civil No. SAG-11-3004
March 27, 2013
Page 2

did not knowingly and intelligently waive S.W.'s right to counsel; and (2) that the ALJ did not fulfill her duty to develop the factual record relating to S.W.'s claim. Each argument lacks merit.[1]

First, Ms. Candelaria contends that she did not knowingly and intelligently waive S.W.'s right to counsel. In support of her argument, she cites the enhanced notice requirements outlined in *Binion v. Shalala*, 13 F.3d 243, 245 (7th Cir. 1994), and in similar cases in the Fifth and Eleventh Circuits. *See Clark v. Schweiker,* 652 F.2d 399, 403 (5th Cir. 1981); *Edwards v. Sullivan*, 937 F.2d 580, 585-86 (11th Cir. 1991). However, unlike those circuits, the Fourth Circuit has never adopted more exacting notice requirements than those adopted by Congress. *See* 42 U.S.C. § 1383(d)(2)(D). The agency provided statutorily the required notice by mail in this case, twice, to S.W.'s guardian of record. (Tr. 86-93, 97-104). In addition, at the hearing, the ALJ advised Ms. Candelaria:

> Let's see, I see that you are here, Ms. Candelaria, this morning without a representative. A representative can assist you in preparing and presenting your child's claim. You have the right to have a representative. You also have the right to proceed without a representative. Have you decided that you're just as comfortable going ahead without a representative?

(Tr. 32-33). Ms. Candelaria responded, "Yes, ma'am." (Tr. 33). In addition, prior to the hearing, Ms. Candelaria signed a "Waiver of Representation by Claimant," which states:

> I understand my right to representation at the hearing. I voluntarily waive the right, and I request to proceed without a representative. I also acknowledge that I received the attached list of organizations prior to receiving the Notice of Hearing.

(Tr. 107). The evidence in the case reflects that, although all of the agency's documents were not mailed to Ms. Candelaria, but to S.W.'s guardian of record, Ms. Candelaria in fact received the mailings, including an authorization form (which Ms. Candelaria filled out and returned) and the notice of hearing (which Ms. Candelaria attended). (Supplemental Tr. 225, 227). Under all of those circumstances, I find that the Commissioner fulfilled the governing notice requirements, and that Ms. Candelaria's waiver of her right to counsel was both knowing and intelligent.

Ms. Candelaria next argues that the ALJ failed to adequately develop S.W.'s medical history. "An ALJ has a duty to explore all relevant facts and inquire into the issues necessary for adequate development of the record, and cannot rely only on the evidence submitted by the claimant when that evidence is inadequate." *Cook v. Heckler,* 783 F.2d 1168, 1173 (4th Cir.

---

[1] Although Ms. Candelaria did not expressly challenge the substance of the ALJ's opinion, I find it to be supported by substantial evidence. The school records, consultative examination report, S.W.'s hearing testimony, and the reviewing state agency physicians all support the ALJ's assessment that, as of the time of the ALJ's decision, S.W. was not disabled.

Case 1:11-cv-03004-SAG   Document 35   Filed 03/27/13   Page 3 of 5
*Brenda Candelaria o/b/o S.W. v. Commissioner of Social Security*
Civil No. SAG-11-3004
March 27, 2013
Page 3

1986). The ALJ's duty to develop the record is enhanced in cases involving *pro se* claimants. *See Sims v. Harris,* 631 F.2d 26, 28 (4th Cir. 1980). In S.W.'s case, however, the file reflects ample efforts by the agency and the ALJ to develop the record. The agency ordered records from each medical source identified by Ms. Candelaria, obtained S.W.'s school records, and arranged a consultative psychological evaluation. At the hearing, the ALJ conducted a full inquiry of both S.W. and Ms. Candelaria regarding all of the relevant issues. (Tr. 30-69). Ms. Candelaria's hearing testimony was articulate, and there was no evidence of confusion about the process.

Ms. Candelaria alleges that three categories of documents are missing from the record and that the ALJ made inadequate efforts to obtain them. (Pl. Mot. 18-19). First, she contends that additional records should have been obtained from the Rockford Center. However, the record reflects that the agency made several attempts to obtain all relevant documentation from that institution, and in fact obtained treatment records for S.W. (Supp. Tr. 240, 241, 243, 231, Tr. 212-17, 219-24). Ms. Candelaria has not established that any additional records from the Rockford Center exist. Second, Ms. Candelaria cites the absence of records from Upper Bay Counseling. Again, however, the file does not demonstrate that such records exist, and the evidence reflects that the agency made reasonable efforts to obtain records from that institution. (Supp. Tr. 235-36, 241). Ms. Candelaria's testimony at the hearing suggests that S.W. had not in fact been counseled at Upper Bay. (Tr. 55). Finally, Ms. Candelaria submits that because the agency only obtained S.W.'s file from Cecil County Public Schools through May 17, 2010, it was not up to date through the hearing in February of 2011. (Tr. 141-170). In 2009, S.W.'s teachers wrote that S.W. was "very polite" and had "made a smooth transition to middle school." (Tr. 154). In May, 2010, the school guidance counselor opined that S.W. had "slight problems" in the domain of interacting and relating with others, noting negative confrontations with peers. (Tr. 164). The ALJ's inquiry at the hearing of both S.W. and Ms. Candelaria sufficed to provide substantial evidence of S.W.'s ability, through the date of the hearing, to function adequately in the school setting when properly medicated. (Tr. 53 (S.W.'s testimony about being "pretty stable" at school and "not upset often"); 53 (S.W.'s testimony that behavioral incidents at school happen "when I don't take my medicine"); 54 (Ms. Candelaria's testimony about school discipline four or five times "in the last couple of years"); 65 (ALJ noting the absence of regular school counseling)). Given the hearing testimony, there is no reason to believe that review of the school records from September, 2010 through February, 2011 would have altered the ALJ's analysis.

Ms. Candelaria also contends that the Appeals Council should have sought records of a hospitalization, which apparently occurred between the date of S.W.'s hearing and Ms. Candelaria's request for review of the ALJ's hearing decision. Pl. Reply 2. However, Ms. Candelaria has not established that the records of any such hospitalization would have met the standards for "new and material evidence" requiring review by the Appeals Council. Unless that hospitalization, which occurred sometime after the hearing date, provided relevant evidence regarding S.W.'s condition prior to the ALJ's opinion, it would not be relevant to the Appeals Council's consideration. Moreover, if the hospitalization occurred prior to the ALJ's opinion, the records should have been submitted to the ALJ for consideration. *See Bishop v. Barnhart,* 78 Fed. Appx. 265, 269 (4th Cir. 2003) (noting that evidence was not new when treatment began

*Brenda Candelaria o/b/o S.W. v. Commissioner of Social Security*
Civil No. SAG-11-3004
March 27, 2013
Page 4

more than a month prior to the ALJ's decision). The Appeals Council must review additional evidence only if it is "(a) new, (b) material, and (c) relates to the period on or before the date of the ALJ's decision." *Wilkins v. Sec'y, Dept. of Health & Human Servs.*, 953 F.2d 93, 95-96 (4th Cir. 1991); *see* 20 C.F.R. § 404.970(b). The burden of proving that evidence is new and material rests with the claimant. *See Taylor v. Astrue*, No. 5:09CV7-RLV, 2012 WL 909506, at *4 (W.D.N.C. Mar. 16, 2012) (citing *Allen v. Comm'r of Soc. Sec.*, 561 F.3d 646, 653 (6th Cir. 2009)) (finding plaintiff did not satisfy her burden of demonstrating that new evidence was relevant to period on or before ALJ hearing decision); *Fagg v. Chater*, 106 F.3d 390, 1997 WL 39146 (4th Cir. 1997) (outlining the three prerequisites a plaintiff must satisfy to merit remand on the basis of newly discovered evidence). Ms. Candelaria has failed to meet that burden.

Finally, Ms. Candelaria suggests that the subsequent award of benefits to S.W., with an onset date approximately eight months after the ALJ's decision in this case, provides a basis for remand or reversal. Pl. Mot. Ex. 1. Counsel for Ms. Candelaria suggests that "one can only assume" that records of the hospitalization between the date of the hearing and the date Ms. Candelaria filed her request for review of the hearing decision provided the basis for the award of benefits on the second application. Pl. Mot. 19. However, I have not been provided with any evidence to show the date of that hospitalization or the basis for the finding of disability in the second application. Ms. Candelaria attached only a letter which showed the past-due amount owed, and set forth the requirements for a direct deposit payment. Pl. Mot. Ex. 1.

Ms. Candelaria does not expressly seek to introduce the subsequent award of benefits as "new and material evidence" under sentence six of 42 U.S.C. § 405(g). However, I have considered whether a remand on that basis would be appropriate. Sentence six provides:

> The court may . . . at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in the prior proceeding.

42 U.S.C. § 405(g). When invoking sentence six, a court does not either affirm or reverse the Commissioner's decision. *Melkonyan v. Sullivan*, 501 U.S. 89, 98 (1991). "Rather, the court remands because new evidence has come to light that was not available to the claimant at the time of the administrative proceeding and that evidence might have changed the outcome of the prior proceeding." *Id.* The Fourth Circuit has not expressly addressed whether a subsequent finding of disability itself constitutes new and material evidence. District Courts within the Fourth Circuit, and other federal courts, have taken varying approaches to the question. Some courts have determined that, in cases where the disability onset date was close in proximity to the prior denial of benefits, the subsequent award warrants a sentence six remand. *See, e.g., Hayes v. Astrue,* 488 F.Supp. 2d 560, 565 (W.D. Va. 2007) (remanding where the subsequent award used an onset date one day after an unfavorable decision); *Reichard v. Barnhart*, 285 F.Supp. 2d 728, 734 (S.D.W. Va. 2003) (remanding where the subsequent award used an onset date less than one week after an unfavorable decision). Other courts have found that, even with close proximity between the date of denial and the subsequent onset date, subsequent awards alone do

Case 1:11-cv-03004-SAG   Document 35   Filed 03/27/13   Page 5 of 5
*Brenda Candelaria o/b/o S.W. v. Commissioner of Social Security*
Civil No. SAG-11-3004
March 27, 2013
Page 5

not constitute new and material evidence because of the possibility of intervening circumstances. *See, e.g., Allen v. Comm'r of Soc. Sec.*, 561 F.3d 646, 653-54 (6th Cir. 2009) (finding remand unwarranted because the claimant failed to show that "the subsequent decision was supported by new and material evidence that [the claimant] had good cause for not raising in the prior proceeding"); *Atkinson v. Astrue,* No. 5:10-CF-298-FL, 2011 WL 3664346, at *15 (E.D.N.C. July 20, 2011) (collecting cases and determining that exclusive reliance on a subsequent award does not establish the existence of new and material evidence); *Johnson v. Astrue,* No. 3:09-2458-JMC-JRM, 2010 WL 6089082, at *8 (D.S.C. Nov. 16, 2010) (relying on *Allen* and holding that a subsequent favorable decision alone does not merit remand); *Sayre v. Astrue*, No. 3:09-01061, 2010 WL 4919492, at *4 (S.D.W.Va. Nov. 29, 2010) (adopting the *Allen* rationale).

Having reviewed the cases adopting both approaches, I agree with the rationale set forth by the *Allen* and *Atkinson* courts. As was noted in those cases, the letter attached by Ms. Candelaria does not summarize the evidentiary basis for the second decision. Moreover, the eight-month window between the ALJ's decision on the first claim and the onset date in the second decision provides significant time for deterioration in S.W.'s condition, which may explain the difference between the two decisions. Because Ms. Candelaria has not provided this Court with the opportunity to consider the evidentiary basis for the subsequent award, but simply has made a conclusory allegation that the evidentiary basis may have been similar, I cannot adequately assess the merits of that position. Ms. Candelaria has therefore not demonstrated the existence of new and material evidence. The subsequent award of disability, standing alone, does not constitute new and material evidence to support a sentence six remand.

Thus, for the reasons given, this Court GRANTS the Commissioner's Motion for Summary Judgment (ECF No. 33) and DENIES Ms. Candelaria's Motion for Summary Judgment (ECF No. 31). The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge